**Shumaker**
**v.**
**Smith**
*[Cite as 3 AOA 86]*

*Case No. 16-88-28*
*Wyandot County, (3rd)*
*Decided May 17, 1990*

Messrs. Shuff & Kutscher, Mr. Steve C. Shuff, Attorney at Law, 106 East Market Street, P.O. Box 400, Tiffin, Ohio 44883, for Appellant.

Messrs. Osborn & Smith Co., L.P.A., Ms. Kathleen A. Aubry, Attorney at Law, P.O. Box 301, Sycamore, Ohio 44882, for Appellees.

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Wyandot County awarding plaintiffs-appellees, Darlene Shumaker and Amy M. Shumaker, child support arrearages in the sum of $13,185.00 against defendant-appellant, Robert E. Smith.

Appellee Amy M. Shumaker, was born on September 24, 1971, to her natural mother, appellee, Darlene Shumaker, who was unwed at the time. Throughout the child's life both she and her mother have lived primarily with the child's maternal grandparents, who assisted in providing for them both. At the time this cause of action was initiated the child was sixteen years old. Upon moving out of the maternal grandparents' home appellee, Darlene Shumaker, found the financial burden of caring for herself and her daughter extremely difficult.

On October 15, 1987, appellees filed a complaint in the Juvenile Division of the Court of Common Pleas of Wyandot County seeking to establish a father-child relationship between appellant, Robert E. Smith, and appellee, Amy M. Shumaker, and to enforce appellant's support obligation. Appellant's answer conceded that he was the child's natural father and that he would agree to pay child support in the future. However, appellant denied any liability for the child's medical expenses or child support arrearages for the first sixteen years of the child's life. On January 25, 1988, the parties entered into a consent decree in which appellant admitted to be the natural father of appellee, Amy M. Shumaker. On August 15, 1988, the cause proceeded to a hearing on the issue of appellant's support obligation. Appellant orally made a motion to dismiss on the basis of laches. By judgment entry of November 18, 1988 the trial court overruled appellant's motion to dismiss and awarded appellees a lump sum of $13,185.00 for child support arrearages.

It is from this judgment that appellant appeals submitting one assignment of error as follows:

"THE DECISION OF THE TRIAL COURT, DENYING APPELLANT RELIEF UNDER THE EQUITABLE DOCTRINE OF LACHES, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Essentially, appellant contends that appellees have, without any justifiable reason, failed to take any affirmative action for sixteen years to enforce his support obligation and to allow them to do so now will materially prejudice him. More specifically, appellant argues that the parties have all lived in the same small community for all of their lives, with the exception of two years he spent in the United States Air Force, and therefore appellees have had ample opportunity to enforce his support obligation and have chosen not to do so. Appellant argues that in reliance upon appellees' inaction he has married and has two minor children born issue to that marriage to support. Furthermore, appellant cites the fact that he has contributed to the child's support occasionally through Christmas gifts and paying for a portion of her modeling classes.

We agree with the general proposition of appellant that the equitable doctrine of laches is an available defense to a paternity and support action. See generally 48 Ohio Jurisprudence 3d (1983) 420, Family Law, Section 1210.

The application of the defense of laches in a particular case is within the sound discretion of the trial court. Thus, the trial court decision as to laches is reviewable for an abuse of discretion, not on the weight of the evidence. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217.

"The doctrine of laches is based on the injustice which might result from the enforcement of long-neglected rights, the difficulty, if not the impossibility, of ascertaining the truth of the matters in controversy and doing justice between the parties, and on grounds of public policy, its aim being the discouragement, for the peace and repose of society, of stale and antiquated demands." 30A Corpus Juris Secundum (1965) 31, Equity, Section 113. In considering the facts of this case we find that the lapse of time creates no difficulty in ascertaining the truth of the matters in this controversy and doing justice between the

parties. Public policy and justice would certainly require a father to contribute to the support of his minor child. Thus we find no abuse of discretion on the part of the trial court in rejecting the defense of laches in this case.

Appellant's sole assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRYANT and MILLER, JJ., concur.